# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| LARRY S. EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04-3464-CV-S-NKL |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Pending before the Court is Plaintiff Larry S. Evans's ("Evans") Motion for Summary Judgment [Doc. 7]. Evans seeks judicial review of the Commissioner's denial of his request for disability insurance benefits under Title II of the Social Security Act.

On June 9, 2004, following a hearing, the Administrative Law Judge ("ALJ") found that Evans was not entitled to benefits under the Act. On August 19, 2004, the Appeals Council denied Evans's request for review of the ALJ's decision. Therefore, the decision of the ALJ stands as the final decision of the Commissioner. Judicial review is appropriate because Evans has exhausted his administrative remedies.

After reviewing the entire record, the Court concludes that the ALJ failed to give proper weight to the opinions of Evans's treating psychiatrists, Dr. Arifa Salam and Dr. Thomas M. Thomas, of Ozarks Medical Center Behavioral Healthcare ("OMC BHC"). Dr. Thomas evaluated Evans on June 11, 2003, and stated that "[t]he more I talk to this

1

man the more I get the feeling that there is a certain amount of dementia. [Evans] . . . obviously does have some brain damage, but otherwise he is clinically stable." (Tr. 229.) Dr. Salam evaluated Evans on December 16, 2003, and again on December 31, 2003. (Tr. 239, 240.) Dr. Salam reported after those visits that Evans "appears to have difficulty starting this process" of addressing "his impulsive behaviors and dealing with his panic attacks and anxiety." (Tr. 239.)

Subsequently, Dr. Salam completed a medical source statement indicating that Evans is "markedly limited" in has abilities to understand and remember detailed instructions; to carry out detailed instructions; to maintain attention and concentration for extended periods; to work in coordination with or in proximity to others without being distracted by them; to complete a normal workday without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; to interact appropriately with the general public; and to accept instructions and respond appropriately to criticism from supervisors. (Tr. 221-222.) Dr. Salam further reported that Evans is "moderately limited" in a number of other important areas. *Id.*

The ALJ rejected Dr. Salam's opinion, explaining as follows:

> [T]he undersigned does not accept the opinion of Dr. Salam that the claimant has disabling mental functional limitations, because the doctor apparently saw the claimant only once and the opinion is unsupported by the report of this examination, as well as being inconsistent with the other evidence of record.

(Tr. 16) (citations omitted).

The Court finds that the ALJ erred in discounting Dr. Salam's medical opinion. It appears that the ALJ incorrectly assumed that Dr. Salam's medical opinion was based solely on his own medical observations of Evans and not also on the medical findings of his OMC BHC colleague, Dr. Thomas. Because Dr. Salam surely had access to Evans's entire psychiatric treatment file at OMC BHC, it is likely that his findings as stated in the medical source statement were informed by the findings of Dr. Thomas.[1]

But more importantly, the ALJ overlooked the importance of Dr. Thomas's findings. Indeed, the ALJ did not so much as mention in his decision Dr. Thomas's findings regarding Evans's dementia and brain damage. Because Dr. Thomas's findings are perhaps Evans's most persuasive evidence of his alleged disability, it was error for the ALJ to not discuss them.

Upon remand, the ALJ is instructed to consider Dr. Thomas's findings as stated in his July 8, 2003, report. The ALJ is also instructed to reconsider the weight to which Dr. Salam's opinion is entitled in light of that report. If the ALJ determines that further evidence is necessary to properly evaluate the bases for these psychiatrists' medical findings, the ALJ shall hold open the record to give Evans an opportunity to present such evidence.

Accordingly, for good cause shown, it is

---

[1] The ALJ also incorrectly found that Dr. Salam saw Evans on only one occasion. As discussed above, Dr. Salam saw Evans on December 16, 2003, and again on December 31, 2003. (Tr. 239, 240.)

ORDERED that the decision of the ALJ is REVERSED and the case is REMANDED to the Commissioner for further consideration, pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk of the Court is directed to enter a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated:  June 21, 2005
Jefferson City, Missouri

4

Case 6:04-cv-03464-NKL   Document 11   Filed 06/21/05   Page 4 of 4